UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOLENE COBB,

                Plaintiff,

-against-

ELLAB INC,

                Defendant.
-----------------------------------------------------------X

Case No.: 1:22-cv-01002 (MAD/CFH)

COMPLAINT

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff, JOLENE COBB, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

### Nature of the Case

1. This is a case about a dedicated, hardworking Black woman who was terminated within hours after submitting a complaint of the discrimination she faced while working for Defendant ELLAB, INC.

2. Plaintiff now complains pursuant to the New York State Human Rights Law, New York State Executive Law § 296, *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being retaliated against after submitting a complaint of discrimination due to her race (Black), resulting in her immediate and unlawful termination.

### Jurisdiction and Venue

3. Jurisdiction of this Court is proper under 28 U.S.C. § 1332, in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

1

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred within the Southern District of the State of New York.

## Parties

5. Plaintiff is a resident of the County of Albany, State of New York.

6. At all times material, Defendant ELLAB INC ("ELLAB") is and was a domestic business corporation duly existing pursuant to and by virtue of the laws of the State of Colorado, with its principal place of business located at 303 E 17th Ave 10, Denver, Colorado 80203.

7. At all times material, Defendant ELLAB is a manufacturing company specializing in the manufacturing of pharmaceuticals.

8. At all times material, Defendant ELLAB had 4 or more employees for each working day in each 20 or more calendar weeks in the current or preceding calendar year.

9. At all times material, Defendant ELLAB was Plaintiff's employer under the NYSHRL.

10. At all times material, all parties mentioned herein worked and/or continue to be employed with Defendant.

## Material Facts

11. In or around March 2021, Plaintiff began working full time for Defendant as a Validation Engineer, earning approximately $68,000 per year, excluding benefits.

12. Plaintiff was based out of Defendant's Albany Location at 255 Washington Avenue Ext, Suite 101, Albany, New York 12205 ("the Location").

13. Plaintiff was qualified for her position and performed her duties well.

14. In or around February 2022, after receiving a glowing yearly review, Plaintiff received a raise of approximately $73,000 per year, excluding benefits.

15. On or about June 10, 2022, Defendant's Director of Human Resources, Erik Zotter ("Zotter"), called Plaintiff after hearing that she was visibly upset outside of work. Zotter indicated that Defendant will be taking any matter seriously and are there to help her.

16. On or about June 22, 2022, Zotter contacted Plaintiff to check in on her.

17. On or about June 23, 2022, Plaintiff spoke with Zotter and explained that she did not feel welcomed at the Location and explained that Defendant needed a stronger and more in-depth Diversity and Inclusion program.

18. On or about June 24, 2022, Plaintiff received a Performance Improvement Plan ("PIP") by Zotter. Zotter informed Plaintiff to provide "any feedback [she] sees fit" and directed Plaintiff to sign the PIP by 5:00 P.M. that day.

19. In response to the PIP, Plaintiff informed Zotter that the PIP was confusing and disheartening, especially after working for Defendant for approximately a year and a half. Plaintiff explained that she has been labeled as aggressive and having an attitude. Plaintiff stated that she is willing to improve as necessary.

20. Plaintiff further explained that she "look[ed] forward to seeing what Diversity Equity and Inclusion plan will be laid out to better navigate this toxic work environment so we can proceed from here because my issues of being isolated by my own team, left out on critical project-related incidences…" Plaintiff stated that she hoped that they would all be able to meet to discuss and resolve any issues and discrepancies.

21. Shortly after providing this e-mail to Zotter, Zotter informed Plaintiff that Defendant was terminating Plaintiff's employment contract.

22. The above are just some of the acts of discrimination and/or retaliation that Plaintiff experienced while employed by Defendant.

23. It is clear, given the close temporal proximity between Plaintiff's discrimination complaint to Defendant's Human Resources Department and her subsequent termination, Plaintiff was retaliated against and unlawfully terminated due to her complaints of discrimination.

24. Plaintiff was repulsed, offended, disturbed, humiliated, victimized, and disgusted by this blatantly unlawful racial harassment, discrimination and hostile work environment.

25. Defendant created a hostile work environment, which unreasonably interfered with Plaintiff's ability to perform Plaintiff's job.

26. Defendants' actions and conduct were intentional and intended to harm Plaintiff.

27. Defendant retaliated against Plaintiff due to Plaintiff's race (Black) and her objections to the discriminatory and retaliatory actions taken against Plaintiff.

28. Defendant unlawfully retaliated against, humiliated, degraded and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, emotional distress and loss of income.

29. Plaintiff was subjected to such a discriminatory, retaliatory, hostile and abusive work environment that no reasonable person in Plaintiff's shoes could or should be expected to endure.

30. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

31. As a result of the acts and conduct complained of herein, Plaintiff has suffered future pecuniary losses, emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

32. Defendant acted maliciously, willfully, outrageously, and with full knowledge of the law.

33. As such, Plaintiff demands punitive damages against Defendant.

## First Cause of Action for Retaliation
## Under the New York State Executive Law

34. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

35. New York State Executive Law § 296(1) provides that:

    It shall be an unlawful discriminatory practice:

    (e) For any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

36. Defendant violated the sections cited herein as set forth.

37. Plaintiff is entitled to the maximum amount allowed under this statute.

## Jury Demand

38. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the New York State Human Rights Law, New York State Executive Law § 296, *et. seq.*, in that Defendant retaliated against Plaintiff after she complained of discrimination due to her race (Black) and unlawfully terminated Plaintiff;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful harassment, retaliation, and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

C. Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering and injury to Plaintiff's reputation in an amount to be proven;

D. Awarding Plaintiff damages for loss of income, the loss of a salary, bonus, benefits, and other compensation which such employment entails;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages;

G. Awarding Plaintiff prejudgment interest;

H. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action; and

I. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
       September 21, 2022

                                      **PHILLIPS & ASSOCIATES,**
                                      **ATTORNEYS AT LAW, PLLC**

By: _____
      Stefanie L. Shmil
      *Attorneys for Plaintiff*
      45 Broadway, Suite 430
      New York, New York 10006
      (212) 248-7431
      sshmil@tpglaws.com